UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

GORAN JOKIC,

                              PLAINTIFF,                **COMPLAINT**

               -AGAINST-                          **18-CV-2899**

NEW YORK CITY, POLICE OFFICER CONNOR
LICHTE and POLICE OFFICER MICHAEL KENEFICK,
individually, and in their capacity as members of New York
City Police Department,

                              DEFENDANTS.

------------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.  This is a civil action in which Plaintiff, Mr. Goran Jokic ("Mr. Jokic"), seeks relief

    for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth

    Amendments to the United States Constitution.

2.  The claims arise from an incident on or about September 26, 2017, in which officers

    of the New York City Police Department ("NYPD"), acting under color of state law,

    intentionally and willfully subjected Mr. Jokic to *inter alia* excessive force, false

    arrest, and denial of right to a fair trial.

3.  Plaintiff seeks monetary damages (special, compensatory and punitive) against

    Defendants and an award of costs and attorneys' fees, and such other and further

    relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Jokic, is a citizen of the United States and at all times here relevant resided at 2127 33rd Street, Apt. 3A, Astoria, Queens.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Connor Lichte ("PO Lichte") and Police Officer Michael Kenefick ("PO Kenefick") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, Defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Jokic is 32 years old and works for the Serafina Restaurant Group.

11. On or about September 25, 2017, Mr. Jokic arranged to meet two friends in Astoria, Queens.

12. At approximately 2:00 am on September 26, 2017, Mr. Jokic met his two friends, Dzemil Cirikovic and Denis Nekovic at the corner of Astoria Boulevard and 31st Street.

13. As they were meeting with each other, a police car pulled up beside them.

14. PO Lichte and PO Kenefick got out of the car and asked Mr. Jokic for identification.

15. Mr. Jokic asked the officers why he needed to provide identification.

16. PO Lichte and PO Kenefick falsely accused Mr. Jokic of urinating on the street.

17. Mr. Jokic denied urinating on the street and pointed out that there were no urination marks anywhere on the street.

18. Upon information and belief, PO Lichte then forcefully grabbed at Mr. Jokic's arms.

19. Other police officers arrived at the location.

20. Upon information and belief, PO Lichte then shoved Mr. Jokic, causing Mr. Jokic to fall backwards against a parked car.

21. The side of Mr. Jokic's head hit the fender of the car and Mr. Jokic fell unconscious to the ground.

22. Once Mr. Jokic regained consciousness, PO Lichte, upon information and belief, forcefully pushed his knee down on Mr. Jokic's back, causing Mr. Jokic extreme pain.

23. PO Lichte and PO Kenefick handcuffed Mr. Jokic behind his back.

24. The handcuffs were extremely tight and caused Mr. Jokic extreme pain.

25. Mr. Jokic asked PO Lichte and PO Kenefick to loosen the handcuffs, but both officers refused.

26.  Shortly thereafter an ambulance arrived and Mr. Jokic was taken to Mount Sinai Hospital.

27. While at the hospital Mr. Jokic was handcuffed to the bed.

28. Mr. Jokic asked another police officer to loosen the handcuffs on his wrists and the officer complied with his request.

29. While at the hospital Mr. Jokic underwent a CAT scan of his head.

30. Mr. Jokic was released from Mount Sinai Hospital at approximately 8:00 am and was taken to the 114th precinct in a patrol car.

31. Mr. Jokic was held at the precinct until approximately 11:00 am.

32. Mr. Jokic was then taken back to the hospital at the request of the doctor.

33. At the hospital, Mr. Jokic underwent further scans to check for internal bleeding and a possible fracture of the skull.

34. In or about the afternoon of September 26, 2017, Mr. Jokic was taken back to the 114th precinct.

35. Mr. Jokic was taken to Central Bookings at approximately 5:00 pm on September 26, 2017.

36. Mr. Jokic was arraigned shortly thereafter and was released.

37. In the Criminal Court Complaint, PO Kenefick falsely stated that he "observed the Defendant, Goran Jokic, urinating in the public place open to public view"; that "when he and Police Officer Connor Lichte approached the Defendant, the Defendant started to curse and yell at the Deponent and Police Officer Connor"; that "when he and Police Officer Connor were placing handcuffs on the Defendant, the Defendant flailed his arms, twisted his body, kicked his legs, pushed the Deponent, in an attempt

to avoid being handcuffed and placed under arrest"; and that "the Defendant laid on the ground and when the Deponent ordered him to stand up the Defendant refused to comply with the order and spat at the Deponent's face."

38. Mr. Jokic returned to court on November 20, 2017, and the charges against him were adjourned contemplating dismissal.

39. As a result of this incident, Mr. Jokic suffered and continues to suffer, *inter alia*, pain and numbness in his wrists; pain and aching in his back; nerve damage in his neck; a head injury; ringing in his ears; dizziness; and cuts, scrapes and bruising to his arms, shoulders, and torso.

40. Mr. Jokic suffered physically and emotionally as a result of the events of September 26, 2017, and felt fear, embarrassment, humiliation, emotional distress, frustration, anxiety, loss of liberty and physical pain.


**FIRST CAUSE OF ACTION**

(42 USC 1983 – False Arrest)

41. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

42. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

43. Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff was falsely arrested by Defendants.

44. Defendants unreasonably and unjustifiably confined Plaintiff.

45. Plaintiff was aware of, and did not consent to, his confinement.

46. The confinement was not privileged.

47. Plaintiff has been damaged a result of Defendants' actions in an amount believed to
equal or exceed the jurisdictional limit of this Court

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Use of Force)

48. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if
fully set forth herein.

49. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights
under color of law and are liable to Plaintiff under 42 USC 1983.

50. Defendants have deprived Plaintiff of his right to be free of unreasonable searches
and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States
Constitution, in that Defendants used excessive and unreasonable force against
Plaintiff.

51. Plaintiff has been damaged as a result of Defendants' actions in an amount believed
to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

52. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if
fully set forth herein.

53. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

54. Defendants have deprived Plaintiff of his right to a fair trial, pursuant to the Sixth and Fourteenth Amendments to the United States Constitution.

55. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

56. Plaintiff has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.


## JURY DEMAND

57. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment against Defendants together with costs and disbursements as follows:

> In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this court for each of Plaintiff's causes of action;
> Awarding Plaintiff punitive damages in an amount to be determined by a jury;
> Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;
> And such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             May 15, 2018

                                        By:   _____/s/_____
                                              Malcolm Anderson (MA 4852)
                                              PetersonDelleCave LLP
                                              Attorney for Plaintiff
                                              233 Broadway, Suite 1800
                                              New York, NY 10279
                                              (212) 240-9075

7